UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHEUS COLEMAN,<br>Plaintiff,<br>v.<br>VEOLIA WATER WEST OPERATING SERVICES, INC.,<br>Defendant. | Case No. 15-cv-00779-JD<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |

On March 24, 2015, the Court set a case management conference in this case for June 3, 2015. See Dkt. No. 10. The conference was held on that day, see Dkt. No. 16, but plaintiff Timotheus Coleman did not appear, or participate in the filing of the case management statement, as required by the Court's Standing Order for Civil Cases, despite apparently being aware of when and where it was scheduled. *See* Dkt. No. 14 at 1:25-2:8. In addition, neither the Court nor defendant Veolia Water West Operating Services were able to deliver mail to the postal address Coleman provided.

As a result, the Court issued an order to show cause to Coleman on June 24, 2015, giving him until July 6, 2015, to explain why the case should not be dismissed for failure to appear at the case management conference or to comply with the Court's standing order. *See* Dkt. No. 19. In addition to mailing the order to Coleman, the Court ordered Veolia to serve the order on Coleman using the email address he had previously used to communicate with Veolia. *See id.* at 2:1-3. The deadline for Coleman to respond to the order to show cause has now passed, and no response has been filed.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) provides the Court with authority to dismiss a case for failure to prosecute or to comply with any of its orders. Fed. R. Civ. P. 41(b); *see Ferdik v.*

*Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *See Espinosa v. Washington Mut. Bank*, No. C 10-04464 SBA, 2011 WL 334209, at *1 (N.D. Cal. Jan. 31, 2011) (citing *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002)).

Application of these factors here weighs in favor of dismissal. Coleman did not appear at the case management conference, participate in the filing of the joint case management statement, or respond to the order to show cause, despite being warned that this might result in dismissal for failure to prosecute. With respect to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Espinosa*, 2011 WL 334209, at *1 (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). For the second factor, the Court must be able to manage its docket "without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642; *see also Ferdik*, 963 F.2d at 1261 (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket."). For the third factor, Coleman has filed nothing explaining why he failed to comply with the Court's orders. This weighs strongly in favor of dismissal. *See Espinosa*, 2011 WL 334209, at *2. With respect to the fourth factor, the Court gave Coleman over two months notice of the case management conference, and two weeks to respond to the order to show cause. The Court also warned Coleman that failure to file a response could result in dismissal for failure to prosecute. This is sufficient to satisfy the requirement that the Court consider whether less drastic sanctions may be available. *See Ferdik*, 963 F.2d at 1262. Although the fifth factor -- the public policy favoring disposition of cases on their merits -- might weigh against dismissal on its own, the cumulative weight of the other factors overrides it. *See Pagtalunan*, 291 F.3d at 643 (finding district court did not abuse its discretion in dismissing case where three of the five factors weighed in favor of dismissal).

## CONCLUSION

Coleman was warned that his failure to file participate in the case would result in dismissal for failure to prosecute. Consequently, the case is dismissed with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July 10, 2015

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TIMOTHEUS COLEMAN,

    Plaintiff,

v.

VEOLIA WATER WEST OPERATING SERVICES, INC.,

    Defendant.

Case No. 15-cv-00779-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 10, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Timotheus Coleman
1714 Frankline Street, Suite 103
Oakland, CA 94612

Dated: July 10, 2015

    Richard W. Wieking
    Clerk, United States District Court

By: _____
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

3